## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREG RISTENBATT | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO.: |
| | : | |
| v. | : | |
| | : | |
| WESTERN GLASS SUPPLY, INC., and | : | |
| Registered Agent: B K Mulqueen | : | |
| 355 Yuma St., Denver, CO 80223 | : | |
| | : | |
| and | : | |
| | : | |
| WOOD'S POWR-GRIP CO., INC. | : | |
| Registered Agent: Bryan Wood | : | |
| 908 W. Main Street, Laurel, Montana 59044 | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

### COMPLAINT AND JURY DEMAND

Plaintiff Greg Ristenbatt, by way of complaint against the acts and omissions to act of defendants Western Glass Supply, Inc. and Woods Powr-Grip Co., Inc., alleges as follows:

### I.      PARTIES

1.      Plaintiff Greg Ristenbatt ("Mr. Ristenbatt") is an adult individual, residing at 180 Woodridge Dr., Palmyra, Pennsylvania 17078.

2.      Defendant Western Glass Supply, Inc., ("Western Glass") is a Colorado corporation with its principle place of business at 355 Yuma St, Denver, Colorado 80223.

3.      Defendant Wood's Powr-Grip Co., Inc., ("WPG") is a Montana corporation with its principle place of business at 908 W Main Street, Laurel, Montana 59044.

- 1 -

## II.   JURISDICTION AND VENUE

4.     Jurisdiction in the United States District Court for the Middle District of Pennsylvania is proper.  Plaintiff and all defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

5.     Venue in the United States District Court for the Middle District of Pennsylvania is proper pursuant to 28 U.S.C. §1391(b)(20), in that the incident that gave rise to this suit occurred in the Middle District of Pennsylvania.

## III.   FACTS

6.     At all times relevant hereto, Mr. Ristenbatt was an employee of Rose Metal Systems, Inc. ("Rose Metal").

7.     As a part of his job duties for Rose Metal, Mr. Ristenbatt worked at a construction project located at 401 York Avenue, Duryea, Pennsylvania ("Job Site").

8.     On or about April 18, 2019, while at the Job Site, Rose Metal personnel used a vacuum panel lifter, model PCFS10T04DC2 (hereinafter "Panel Lifter"), manufactured by WPG and sold to Rose Metal by Western Glass to lift a metal panel.

9.     Despite the fact the metal panel was within the Panel Lifter's rated lifting capacity, the connection between the metal panel and Panel Lifter suddenly failed, without any visible or audible warnings, resulting in the metal panel falling onto Mr. Ristenbatt (hereinafter referred to as the "Subject Incident").

- 2 -

10.     As a result of the Subject Incident, Mr. Ristenbatt sustained serious injuries to the bones, cartilages, ligaments, muscles, nerves and tissues of his body, including, *inter alia*, a spiral comminuted fracture of the right proximal femur, as well as a laceration to the thigh and bruising to the head, some or all of which may be permanent in nature.

11.     Mr. Ristenbatt also suffered a sudden and violent shock to the nervous system, as well as aches, pains, mental anguish, shock and disability.

12.     As a result of his injuries, Mr. Ristenbatt has been unable to undertake his normal duties and believes he will continue to suffer impairments and disabilities in the future which may result in a decrease in his earnings and earning capacity.

13.     As a further result of his injuries, Mr. Ristenbatt sustained a diminution in his ability to enjoy life and life's pleasures.

14.     As a direct and proximate result of the Subject Incident and injuries sustained, Mr. Ristenbatt sought necessary medical attention, with the result that he has incurred and may still incur medical bills and other similar expenses.

## COUNT I:
### NEGLIGENCE
### PLAINTIFF V. WESTERN GLASS SUPPLY INC.

15.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if fully set forth at length herein.

16.     Western Glass sold and/or otherwise supplied the Panel Lifter used in the Subject Incident in a defective and unreasonably dangerous condition.

- 3 -

17.    At the time of the Subject Incident, Mr. Ristenbatt was in the class of intended and reasonably foreseeable users of the Panel Lifter.

18.    Western Glass owed a duty to Mr. Ristenbatt and other end users of the Panel Lifter to sell and/or otherwise supply a product free from defects and safe for its intended purpose.

19.    Western Glass's breach of its duty, which constitutes negligence, proximately caused the Subject Incident and Mr. Ristenbatt's injuries, as discussed in paragraphs 10 – 14, *supra*, with such breach occurring in one or more of the following ways:

a.    failing to provide adequate instructions for the safe and proper use of the Panel Lifter;

b.    failing to provide adequate warnings and warning systems for the safe and proper use of the Panel Lifter;

c.    failing to design the Panel Lifter in a manner that was safe for all reasonably foreseeable uses;

d.    failing to manufacture and supply the Panel Lifter that was suitable for all reasonably foreseeable uses;

e.    failing to adequately and/or properly inspect the Panel Lifter after its manufacture;

f.    failing to inform users of the defective nature of the Panel Lifter; and

g.    failing to correct the defective Panel Lifter.

19.    Western Glass's negligence was a direct and proximate cause of the injuries to Mr. Ristenbatt.

WHEREFORE, Plaintiff Greg Ristenbatt demands judgment against defendant Western Glass Supply, Inc. in a sum in excess of jurisdictional limits, plus interest, costs, and further relief as the Court may deem appropriate.  Plaintiff reserves his right to demand costs of suit should a

- 4 -

circumstance arise under Federal Rule of Civil Procedure 54(d), together with interest and such other relief as may be properly awarded by the court.

**COUNT II:**
**NEGLIGENCE**
**PLAINTIFF V. WOOD'S POWR-GRIP CO., INC.**

20.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if fully set forth at length herein.

21.     WPG designed, manufactured, sold, and/or otherwise supplied the Panel Lifter used in the Subject Incident in a defective and unreasonably dangerous condition.

22.     At the time of the Subject Incident, Mr. Ristenbatt was in the class of intended and reasonably foreseeable users of the Panel Lifter.

23.     WPG has a legal duty to design, manufacture, sell, and/or otherwise supply products, such as the Panel Lifter, which are free from defects and safe for its intended purpose.

24.     WPG's breach of its common law duty, which constitutes negligence, proximately caused the Subject Incident and Mr. Ristenbatt's injuries, as discussed in paragraphs 10 – 14, *supra*, with such breach occurring in one or more of the following ways:

  a.     failing to provide adequate instructions for the safe and proper use of the Panel Lifter;

  b.     failing to provide adequate warnings and warning systems for the safe and proper use of the Panel Lifter;

  c.     failing to design the Panel Lifter in a manner that was safe for all reasonably foreseeable uses;

  d.     failing to manufacture and supply the Panel Lifter that was suitable for all reasonably foreseeable uses;

- 5 -

e.      failing to adequately and/or properly inspect the Panel Lifter after its manufacture;

f.      failing to inform users of the defective nature of the Panel Lifter; and

g.      failing to correct the defective Panel Lifter.

25.      WPG's negligence was a direct and proximate cause of the injuries to Mr. Ristenbatt.

WHEREFORE, Plaintiff Greg Ristenbatt demands judgment against defendant Wood's Pwr-Grip Co. Inc. in a sum in excess of jurisdictional limits, plus interest, costs, and further relief as the Court may deem appropriate.  Plaintiff reserves his right to demand costs of suit should a circumstance arise under Federal Rule of Civil Procedure 54(d), together with interest and such other relief as may be properly awarded by the court.

## COUNT III:
### STRICT PRODUCTS LIABILITY—MANUFACTURING DEFECT
### PLAINTIFF V. WESTERN GLASS SUPPLY INC.

20.      Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length herein.

21.      Upon information and belief, Western Glass is engaged in the business of selling or otherwise supplying products, such as, *inter alia,* the Panel Lifter, on a regular basis.

19.      At the time of the Subject Incident, Mr. Ristenbatt was in the class of intended and reasonably foreseeable users of the Panel Lifter.

20.      At the time of the Subject Incident, the Panel Lifter was being used in an intended and reasonably foreseeable manner.

21.    At the time the Panel Lifter left Western Glass' possession, it contained manufacturing defects because it deviated from its intended design, and from other ostensibly identical units of the same product line, such that the Panel Lifter was unreasonably dangerous for its intended and reasonably foreseeable use by those similarly situated as Mr. Ristenbatt, principally because the Panel Lifter failed while lifting a metal panel within its rated lifting capacity, without any visible or audible warning.

22.    Western Glass sold and/or otherwise supplied the Panel Lifter in a defective and unreasonably dangerous condition.

23.    Upon good information and belief, Western Glass sold the Panel Lifter to Rose Metal.

24.    The Panel Lifter reached Mr. Ristenbatt and Rose Metal without substantial changes in the original condition in which it was sold.

25.    The Panel Lifter's manufacturing defects were the proximate cause of the Panel Lifter's failure, as well as the resulting Subject Incident and Mr. Ristenbatt's injuries as discussed in paragraphs 10 – 14, *supra*.

26.    As Mr. Ristenbatt's injuries were caused by the Panel Lifter's manufacturing defects, Western Glass is strictly liable under Restatement (Second) of Torts § 402A as the seller and/or supplier of the Panel Lifter.

WHEREFORE, Plaintiff Greg Ristenbatt demands judgment against defendant Western Glass Supply, Inc. in a sum in excess of jurisdictional limits, plus interest, costs, and further relief

as the Court may deem appropriate.  Plaintiff reserves his right to demand costs of suit should a circumstance arise under Federal Rule of Civil Procedure 54(d), together with interest and such other relief as may be properly awarded by the court.

### COUNT IV:
### STRICT PRODUCTS LIABILITY—MANUFACTURING DEFECT
### PLAINTIFF V. WOOD'S POWR-GRIP CO., INC.

27.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length herein.

28.     At the time of the Subject Incident, Mr. Ristenbatt was in the class of intended and reasonably foreseeable users of the Panel Lifter.

29.     At the time of the Subject Incident, the Panel Lifter was being used in an intended and reasonably foreseeable manner.

30.     At the time the Panel Lifter left WPG's possession, it contained manufacturing defects because it deviated from its intended design, and from other ostensibly identical units of the same product line, such that the Panel Lifter was unreasonably dangerous for its intended and reasonably foreseeable use by those similarly situated as Mr. Ristenbatt, principally because the Panel Lifter failed while lifting a metal panel within its rated lifting capacity, without any visible or audible warning.

31.     The Panel Lifter's manufacturing defects made it unreasonably dangerous for its intended and reasonably foreseeable use by Mr. Ristenbatt.

- 8 -

32.     Upon information and belief, WPG is engaged in the business of manufacturing and selling products, such as the Panel Lifter, in the ordinary course of business.

33.     Upon information and belief, WPG placed the Panel Lifter into the stream of commerce which resulted in the sale of the Panel Lifter to Rose Metal.

34.     The Panel Lifter reached Rose Metal and Mr. Ristenbatt without substantial changes in the original condition in which it was sold.

35.     The Panel Lifter's manufacturing defects were the proximate cause of the its failure, as well as the resulting Subject Incident and Mr. Ristenbatt's injuries as discussed in paragraphs 10 – 14, *supra.*

36.     Because Mr. Ristenbatt's injuries were caused by the Panel Lifter's manufacturing defects, WPG is strictly liable under Restatement (Second) of Torts § 402A as the manufacturer and seller of the Panel Lifter.

WHEREFORE, Plaintiff Greg Ristenbatt demands judgment against defendant Wood's Powr-Grip Co., Inc., in a sum in excess of jurisdictional limits, plus interest, costs, and further relief as the Court may deem appropriate.  Plaintiff reserves his right to demand costs of suit should a circumstance arise under Federal Rule of Civil Procedure 54(d), together with interest and such other relief as may be properly awarded by the court.

25064105v.1

## COUNT V:
### STRICT PRODUCTS LIABILITY—DESIGN DEFECT—CONSUMER EXPECTATIONS TEST
### PLAINTIFF V. WESTERN GLASS SUPPLY INC.

37.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length herein.

38.     At the time of the Subject Incident, Mr. Ristenbatt was in the class of intended and reasonably foreseeable user of the Panel Lifter.

39.     At the time of the Subject Incident, the Panel Lifter was being used in an intended and reasonably foreseeable manner.

40.     At the time of the Subject Incident, the Panel Lifter failed to perform as safely as an ordinary consumer would expect when used or misused in an intended or reasonably foreseeable manner, principally because the Panel Lifter failed while lifting a metal panel within its rated lifting capacity, without any visible or audible warning.

41.     The Panel Lifter also failed to perform as safely as an ordinary consumer would expect when used or misused in an intended or reasonably foreseeable manner.

42.     Because the Panel Lifter failed to perform as safely as an ordinary consumer would expect when used or misused in an intended or reasonably foreseeable manner, the Panel Lifter is defective in its design.

43.     The Panel Lifter's design defects made the Panel Lifter unreasonably dangerous for its intended and reasonably foreseeable use by Mr. Ristenbatt.

25064105v.1

44.     Upon good information and belief, Western Glass is engaged in the business of selling and/or supplying products, such as the Panel Lifter, in the ordinary course of its business.

45.     Upon good information and belief, Western Glass in fact sold the Panel Lifter to Rose Metal.

46.     The Panel Lifter reached Mr. Ristenbatt and Rose Metal without substantial changes in the original condition in which it was sold.

47.     The Panel Lifter's design defects were the proximate cause of the Panel Lifter's failure, as well as the resulting Subject Incident and Mr. Ristenbatt's injuries as discussed in paragraphs 10 – 14, *supra.*

48.     Because Mr. Ristenbatt's injuries were caused by the Panel Lifter's design defects, Western Glass is strictly liable under Restatement (Second) of Torts § 402A as the seller of the Panel Lifter.

WHEREFORE, Plaintiff demands judgment against defendant Western Glass Supply, Inc., in a sum in excess of jurisdictional limits, plus interest, costs, and further relief as the Court may deem appropriate.  Plaintiff reserves his right to demand costs of suit should a circumstance arise under Federal Rule of Civil Procedure 54(d).

25064105v.1

## COUNT VI:
### STRICT PRODUCTS LIABILITY—DESIGN DEFECT—CONSUMER EXPECTATIONS TEST
### PLAINTIFF V. WOOD'S POWR-GRIP CO., INC.

49.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length herein.

50.     At the time of the Subject Incident, Mr. Ristenbatt was in the class of intended and reasonably foreseeable users of the Panel Lifter.

51.     At the time of the Subject Incident, the Panel Lifter was being used in an intended and reasonably foreseeable manner.

52.     At the time of the Subject Incident, the Panel Lifter failed to perform as safely as an ordinary consumer would expect when used or misused in an intended or reasonably foreseeable manner, principally because the Panel Lifter failed while lifting a metal panel within its rated lifting capacity, without any visible or audible warning.

53.     Because the Panel Lifter failed to perform as safely as an ordinary consumer would expect when used or misused in an intended or reasonably foreseeable manner, the Panel Lifter is defective in its design.

54.     The Panel Lifter's design defects made it unreasonably dangerous for its intended and reasonably foreseeable use by Mr. Ristenbatt.

55.     Upon good information and belief, WPG is engaged in the business of designing, manufacturing, selling and/or otherwise supplying products, such as the Panel Lifter, in the ordinary course of its business.

56.     Upon good information and belief, WPG placed the Panel Lifter into the stream of commerce, which resulted in the sale of the Panel Lifter to Rose Metal.

57.     The Panel Lifter reached Mr. Ristenbatt and Rose Metal without substantial changes in the condition in which it was sold.

58.     The Panel Lifter's design defects were the proximate cause of the Panel Lifter's failure, as well as the resulting Subject Incident and Mr. Ristenbatt's injuries as discussed in paragraphs 10 – 14, *supra.*

59.     Because Plaintiff's injuries were caused by the Panel Lifter's design defects, WPG is strictly liable under Restatement (Second) of Torts § 402A as the seller and manufacturer of the Panel Lifter.

WHEREFORE, Plaintiff demands judgment against defendant Wood's Powr-Grip Co., Inc., in a sum in excess of jurisdictional limits, plus interest, costs, and further relief as the Court may deem appropriate.  Plaintiff reserves his right to demand costs of suit should a circumstance arise under Federal Rule of Civil Procedure 54(d).


### COUNT VII:
### STRICT PRODUCTS LIABILITY—DESIGN DEFECT—RISK UTILITY TEST
### PLAINTIFF v. WESTERN GLASS SUPPLY INC.

60.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length herein.

61.     At the time of the Subject Incident, Mr. Ristenbatt was in the class of intended and reasonably foreseeable users of the Panel Lifter.

62.     At the time of the Subject Incident, the Panel Lifter was being used in an intended and reasonably foreseeable manner.

63.     The Panel Lifter's design resulted in the Panel Lifter being defective and therefore dangerous.

64.     The risks of the Panel Lifter's design outweighed the benefits of the Panel Lifter's design, because the defects caused the Panel Lifter to fail while lifting a metal panel within its rated lifting capacity, without any visible or audible warning.

65.     Because the risks of the Panel Lifter's design outweighed the benefits of the Panel Lifter's design, the Panel Lifter is defective in design.

66.     The Panel Lifter's design defects made the Panel Lifter unreasonably dangerous for its intended and reasonably foreseeable use by Mr. Ristenbatt.

67.     Upon good information and belief, Western Glass is engaged in the business of selling and/or supplying products, such as the Panel Lifter, in the ordinary course of its business.

68.     Upon good information and belief, Western Glass in fact sold the Panel Lifter to Rose Metal.

69.     The Panel Lifter reached Mr. Ristenbatt and Rose Metal without substantial changes in the condition in which it was sold.

70.     The Panel Lifter's design defects were the proximate cause of the Panel Lifter's failure, as well as the resulting Subject Incident and Mr. Ristenbatt's injuries as discussed in paragraphs 10 – 14, *supra*.

- 14 -

71.     Because Mr. Ristenbatt's injuries were caused by the Panel Lifter's design defects, Western Glass is strictly liable under Restatement (Second) of Torts § 402A as the seller of the Panel Lifter.

WHEREFORE, Plaintiff demands judgment against defendant Western Glass Supply, Inc., in a sum in excess of jurisdictional limits, plus interest, costs, and further relief as the Court may deem appropriate.  Plaintiff reserves his right to demand costs of suit should a circumstance arise under Federal Rule of Civil Procedure 54(d).

## COUNT VIII:
## STRICT PRODUCTS LIABILITY—DESIGN DEFECT—RISK UTILITY TEST
## PLAINTIFF V. WOOD'S POWR-GRIP CO., INC.

72.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length herein.

73.     At the time of the Subject Incident, Mr. Ristenbatt was in the class of intended and reasonably foreseeable users of the Panel Lifter.

74.     At the time of the Subject Incident, the Panel Lifter was being used in an intended and reasonably foreseeable manner.

75.     The Panel Lifter's design resulted in the Panel Lifter being defective and therefore dangerous.

- 15 -

25064105v.1

76.     The risks of the Panel Lifter's design outweighed the benefits of the Panel Lifter's design, because the defects caused the Panel Lifter to fail while lifting a metal panel within its rated lifting capacity, without any visible or audible warning.

77.     Because the risks of the Panel Lifter's design outweighed the benefits of the Panel Lifter's design, the Panel Lifter is defective in design.

78.     The Panel Lifter's design defects made the Panel Lifter unreasonably dangerous for its intended and reasonably foreseeable use by Mr. Ristenbatt.

79.     According to information and belief, WPG is engaged in the business of manufacturing and selling products, such as the Panel Lifter, in the ordinary course of business.

80.     Upon information and belief, WPG placed the Panel Lifter into the stream of commerce which resulted in a sale of the Mr. Ristenbatt Lifter to Rose Metal.

81.     The Panel Lifter reached Mr. Ristenbatt and Rose Metal without substantial changes in the condition in which it was sold.

82.     The Panel Lifter's design defects were the proximate cause of the Panel Lifter's failure, as well as the resulting Subject Incident and Mr. Ristenbatt's injuries as discussed in paragraphs 10 – 14, *supra*.

83.     Because Mr. Ristenbatt's injuries were caused by the Panel Lifter's design defects, WPG is strictly liable under Restatement (Second) of Torts § 402A as the seller of the Panel Lifter.

25064105v.1

WHEREFORE, Plaintiff demands judgment against defendant Wood's Powr-Grip Co., Inc., in a sum in excess of jurisdictional limits, plus interest, costs, and further relief as the Court may deem appropriate.  Plaintiff reserves his right to demand costs of suit should a circumstance arise under Federal Rule of Civil Procedure 54(d).

## JURY DEMAND

Plaintiff respectfully requests a jury on all issues presented.

Dated: 9/9/2020

Respectfully Submitted:

_____
Robert Caplan, Esq., PA ID No. 54126
1650 Market Street, Suite 1800
Philadelphia, PA 19103-7395
Phone: 215.864.7012
Fax: 215-789-7695
caplanr@whiteandwilliams.com
*Attorney for Plaintiff*

- 17 -

25064105v.1